UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO DIAZ, | No. 2:19-cv-537-KJN |
| Plaintiff, | ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT |
| v. | (ECF Nos. 14, 26) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security denying his application for Disability Insurance Benefits.[1] In his summary judgment motion, plaintiff contends the Administrative Law Judge ("ALJ") erred in failing to give appropriate weight to a previous rating decision by the Department of Veterans Affairs ("VA"). The Commissioner opposed, arguing that under the new regulations the ALJ was not required to address the VA's rating. Thus, the Commissioner contended its cross–motion for summary judgment should be granted, and the ALJ's decision be affirmed.

For the reasons that follow, the court DENIES plaintiff's motion for summary judgment, GRANTS defendant's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 9.)

1

I.     **BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS**[2]

Plaintiff applied for disability insurance benefits on December 21, 2017, alleging an onset date of November 15, 2015. (Administrative Transcript ("AT") 73.) Plaintiff claimed the following medical conditions: "Mental PTSD 70%, physical both knees military injury, arthritis in both hands, PTSD, lower back injury in military, shell shocked in military, flash backs – intrusive thoughts, and anger issues." (AT 74.) Plaintiff's application was denied initially and again upon reconsideration. (AT 91, 111.) Plaintiff, aided by an attorney, sought review of these denials with an ALJ. (AT 130.) At an October 9, 2018 hearing, plaintiff testified about his conditions, and a Vocational Expert testified regarding plaintiff's ability to work. (AT 55-72.)

On November 27, 2018, the ALJ issued a decision determining that plaintiff was not disabled. (AT 12–29.) At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity since September 14, 2016. (AT 19.) At step two, the ALJ found plaintiff to have the following severe impairments: chondral defect of the right knee, sleep apnea, PTSD, depressive disorder, and anxiety. (Id.) However, the ALJ determined at step three that these impairments did not meet or medically equal the severity of a listed impairment. (AT 20) (citing 20 C.F.R. Part 404, Subpart P, Appendix 1).)

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program. 42 U.S.C. §§ 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1)(a). A parallel five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571–76; Bowen v. Yuckert, 482 U.S. 137, 140–42 (1987). The following summarizes the sequential evaluation:
  **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
  **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
  **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
  **Step four**: Is the claimant capable of performing his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
  **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.
Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Based on this information, the ALJ found plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [H]e can frequently climb stoop kneel crouch and crawl. He is able to understand remember and carry out simple tasks and instructions. He cannot work with the general public. He can work in the presence of coworkers and have occasional contact with them.

(AT 21.)  In formulating this RFC, the ALJ stated she considered plaintiff's expressed symptoms, and compared them to the objective medical evidence in the record and the opinion evidence given by plaintiff's physicians.  (AT 21–26.)  Relevant here, the ALJ noted that the VA had previously found "a 70% service-connected disability rating for PTSD and 10% ratings for various physical conditions[.]"  (AT 22.)  Broadly speaking, however, the ALJ found the intensity and persistence of plaintiff's express symptoms were inconsistent with other evidence in the record.  (AT 22-26.)  Ultimately, the ALJ concluded at steps four and five that while plaintiff was incapable of performing past relevant work, there were numerous jobs in the national economy that he could perform.  (AT 26-27.)

On January 28, 2019, the Appeals Council denied plaintiff's request for review.  (AT 1-7.)  Plaintiff then filed this action within sixty days requesting judicial review of the Commissioner's final decision; the parties then filed cross–motions for summary judgment.  (ECF Nos. 1, 14, 26.)

## II.    STANDARD OF REVIEW

The court reviews the Commissioner's decision de novo, and should reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard."  Buck v. Berryhill, 869 F. 3d 1040, 1048 (9th Cir. 2017).  Substantial evidence is more than a mere scintilla, but less than a preponderance; i.e. "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Edlund v. Massanari, 253 F. 3d 1152, 1156 (9th Cir. 2001).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Id.  The court will uphold the ALJ's conclusion where "the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F. 3d 1035, 1038 (9th Cir. 2008).  Further, the court may not reverse the ALJ's decision on account of harmless error.  Buck, 869 F. 3d at 1048.

### III. ISSUES PRESENTED

Plaintiff's sole issue on appeal concerns the ALJ's lack of discussion of the VA's disability rating. Plaintiff argues that under McCartey v. Massanari, 298 1072, 1076 (9th Cir. 2002), the ALJ was to assign the VA's determination "great weight," and her failure to provide any rationale for ignoring the VA's rating is reversible error. Plaintiff maintains that once the rating is credited as true, the court must remand for benefits. Alternatively, plaintiff seeks a remand for further proceedings. (ECF No. 14.)

The Commissioner argues that under the new regulations, which govern claims filed after March 27, 2017, the ALJ was not required to analyze the VA's disability determination, and so plaintiff's reliance on McCartey is inapposite. Further, the Commissioner notes that the ALJ thoroughly discussed the underlying evidence supporting the VA's determination, and so even if McCartey was still applicable, the decision details "specific, valid reasons" for discounting the VA's rating. Thus, the Commissioner contends the ALJ's decision is supported by substantial evidence, which should result in the ALJ's opinion being affirmed. (ECF No. 26.)

### IV. DISCUSSION

Plaintiff is correct that under McCartey, an ALJ not only was required to consider the VA's determination in reaching a disability determination, but also was to give it "great weight." McCartey, 298 F.3d at 1076. However, under the new regulations, which apply to claims filed on or after March 27, 2017, the ALJ need not provide "any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. This new regulation appears to remove any requirement for an ALJ to discuss an agency's rating. See, e.g., Edward L. C. v. Commissioner of Social Security, 2019 WL 6789813 at *2 (W.D. Wash. Dec. 12, 2019) (finding no error in the ALJ's ignoring of another agency's disability rating under the new regulations); Kathleen S. v. Commissioner of Social Security, 2019 WL 4855631 at *7-8 (W.D. Wash. Oct. 2, 2019) (same). Because plaintiff filed his claim with the Commission on December 21, 2017 (see AT 73), the new regulations apply. Thus, it was not error for the ALJ to disregard the VA's rating.

The new regulations do require an ALJ to consider "all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision." 20 C.F.R. § 404.1504. This requirement appears to align with the requirement from McCartey that an ALJ may "give less weight to a VA disability rating if [s]he gives persuasive, specific, valid reasons for doing so that are supported by the record"—as both McCartey and Section 404.1504 each direct the analysis away from an agency's rating and toward the underlying evidence. This is exactly what the ALJ did here. (See AT 20-25, citing to multiple doctors' opinions and medical records in support of the RFC determination.) Plaintiff does not challenge the ALJ's assessment of any of this evidence (See ECF No. 14 at 11-12), and so the court finds any claim of this nature to be waived. Bray v. Astrue, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009). Thus, the court finds the ALJ applied the correct legal standards, and her decision is supported by substantial evidence. Buck, 869 F. 3d at 1048.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 26) is GRANTED;
3. The ALJ's decision is AFFIRMED; and
4. The Clerk is directed to enter judgment in the Commissioner's favor and close the case.

Dated: May 26, 2026

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

diaz.537